# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| ANDRES ALEXANDER ORELLANA ZAVALA | * |
| Plaintiff, | * |
| v. | Case No.: GJH-15-1594 |
| EMERALD LANDSCAPTING CORP. | * |
| and | * |
| SAM IHAB BEBAWY | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiff Andres Alexander Orellana Zavala filed this action against his former employer, Defendant Emerald Landscaping Corp. ("Emerald") and Emerald's owner Sam Ihab Bebawy (collectively, "Defendants"), seeking damages and other relief for Defendants' alleged failure to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Article ("LE") § 3-401 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, LE § 3-501 *et seq.* and the Maryland Workplace Fraud Act ("MWFA"), Md. Code, Lab. & Empl. Art., § 3-901, *et seq.* ECF No. 1. The parties now jointly move for approval of a settlement agreement. ECF Nos. 23, 26, and 30. A hearing is not necessary. *See* Loc. R. 105.6.

The Court has reviewed the Complaint, the Answer, the parties' Joint Motion for Approval of Settlement Agreement, and the Settlement Agreement and Release. ECF Nos. 1, 6, 26 & 30-1. For the reasons explained below, the Court finds that *bona fide* disputes exist

regarding liability under the FLSA, the settlement agreement is a fair and reasonable compromise of the disputes, and the attorney's fees are reasonable. *See Leigh v. Bottling Group, LLC*, 2012 WL 460468 at * 4 (D. Md. Feb. 10, 2012); *Lopez v. NTI, LLC*, 748 F.Supp. 2d 471, 478 (D. Md. 2010); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Therefore, the Court will GRANT the motion and instruct the clerk to close this case.

## I. BACKGROUND

According to the Complaint, Defendants own and operate a landscaping business in Gaithersburg, Maryland and employed Plaintiff as a landscaper. ECF No. 1 ¶ 1. Plaintiff was employed by Defendants from 2008 until approximately April 10, 2015. *Id.* ¶ 9. During the course of his employment, Plaintiff's hourly wages ranged from $12.50 to $14.50. *Id.* ¶ 13. At all relevant times, Plaintiff worked more than 40 hours per week. *Id.* ¶ 15. Plaintiff was paid with two separate checks, one for the first 40 hours worked in a week, for which he was paid as an employee with appropriate withholdings; and a second check for overtime hours, for which he was paid as an independent contractor with no withholdings. *Id.* ¶ 16-17. Plaintiff alleged that this method of payment was for the purpose of concealing Plaintiff's entitlement to overtime wages. *Id.* ¶ 20. Plaintiff also alleged that Defendants unlawfully deducted time from his wages. *Id.* ¶ 23-24. In total, Plaintiff sought $15,408.10 in damages pursuant to the FLSA and an additional $31,361.90 pursuant to the MWHL, the MWPCL and the MWFA. ECF No. 23 at 2.

Defendants filed an answer to the Complaint and, after an initial settlement conference did not resolve the case, a scheduling order was issued. ECF No. 17. On December 29, 2015, a notice of acceptance of offer of judgment was filed by Defendant Zavala. ECF No. 18. Subsequently, a Joint Motion for Settlement Approval and In Camera Review of the Settlement Agreement was filed on May 3, 2016. ECF No. 26. In response, the Court issued a paperless

order, in essence, requesting a more detailed explanation as to why the settlement agreement should remain sealed. ECF No. 27. On June 20, 2016, the parties withdrew their request for in camera review, filed the settlement agreement on the public record, and again requested approval of the settlement agreement. ECF No. 30.

## II. DISCUSSION

### A. FLSA Settlements

The FLSA does not permit settlement or compromise over alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354; *see also Lopez*, 748 F. Supp. 2d at 478 (explaining that courts assess FLSA settlements for reasonableness). These restrictions help carry out the purpose of the FLSA, which was enacted "to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, 2014 WL 2174751 at *2 (D. Md. May 23, 2014). Before approving an FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (italics not in original). To do so, courts examine "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408. "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney

who can protect [his] rights under the statute.'" *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

### B. *Bona Fide* Dispute

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *Lomascolo v. Parsons Brinkernoff, Inc.*, 2009 WL 3094955 at *10 (E.D. Va. Sept. 28, 2009). Here, while plaintiff's claims are outlined above, Defendants contend that Plaintiff was paid any overtime he was due and that Plaintiff was actually a supervisor exempt from the overtime provisions of the FLSA and Maryland law. ECF No. 26 at 2. Specifically, Defendants note that Plaintiff supervised subordinates who worked under his direction. *Id.* Plaintiff disputes this characterization and contends that he was a laborer entitled to unpaid overtime and liquidated damages. *Id.* The parties also disagree as to the number of hours worked and payment received by Plaintiff. *Id.* at 2-3. The Court finds that these issues demonstrate that there was a *bona fide* dispute over FLSA liability.

### C. Fairness & Reasonableness

In determining whether a settlement of FLSA claims is fair and reasonable, the Court may consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo*, 2009 WL 3094955 at *10. Here, the Defendants have informally provided Plaintiff with time and payroll calculations and the parties have reviewed records related to Plaintiff's employment ECF No. 26 at 2. Given the current stage of the litigation, significant expenses would be incurred if the parties engaged in formal discovery, dispositive motions, and possibly trial. *See, e.g., Saman v. LBDP*, 2013 WL 2949047 at *3 (D. Md. June 13, 2013). Additionally, there has been no evidence to suggest any fraud or collusion in the settlement. The settlement agreement is for a total of $25,000 with $13,000 payable to Zavala and $12,000 in attorney's fees. *See* ECF No. 30-1. This figure represents a compromise between what Defendants estimate they owe and what Zavala believes he is owed. *See* ECF No. 30 at 4. As was the case in *Saman*, "[i]n light of the risks and costs associated with proceeding further and Defendants' potentially viable defenses, this amount appears to reflect a reasonable compromise over issues actually in dispute." 2013 WL 2949047 at *5 (citation and internal quotation marks and brackets omitted).

Although the settlement agreement contains a general release of claims beyond those in the Complaint, and a general release can render an FLSA settlement agreement unreasonable, the Court is not required to evaluate the reasonableness of the settlement as it relates to non-wage-dispute claims if the employee is compensated reasonably for the release executed. *See Duprey*, 2014 WL 2174751 at *4. As explained above, the Court finds that $25,000 is reasonable for the release executed. *Cf. id.* ("This percentage fairly compensates Duprey for the general release executed.").

### D. Attorney's Fees

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The*

5

*Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). This Court has established rates that are presumptively reasonable for lodestar calculations. *See* Loc. R. App. B.

Here, Plaintiff is represented by the Law Office of Justin Zelikovitz. According to Plaintiff, all attorneys in the law firm have between 6-7 years of experience and counsel expended 74.3 attorney hours and 14.1 paralegal hours. *See* ECF No. 29. Given the stage of the case and the work performed to date, the hours claimed by counsel appear reasonable. Applying the Court's guidelines for attorney's fees, which note a guideline of $165-$300 per hour for attorneys with five to eight years of experience, the $12,000 in attorney fees is slightly less than what the guidelines would permit for the hours worked. Thus, as part of the negotiations in this case, Plaintiff's counsel appears to have agreed to a slightly reduced fee. *See id.* In light of the facts of this case and the disputes explained above, the Court finds the attorney's fees to be fair and reasonable under the lodestar approach.

### III. CONCLUSION

For the reasons stated above, the Joint Motion for Approval of Settlement Agreement, ECF No. 30, is GRANTED.

A separate Order shall issue.

Dated: June 27, 2016

GEORGE J. HAZEL
United States District Judge